| | |
|---|---|
| **From:** | Brewton, Benjamin H. |
| **Sent:** | Monday, July 13, 2026 5:03 PM |
| **To:** | Courtnay_Capps@gas.uscourts.gov |
| **Cc:** | Leithart, Woelke (USAGAS); Wolff, Daniel W.; Hamilton, Steven; Archer, Joshua; Hollis, Jim; Brewton, Benjamin H. |
| **Subject:** | Elevance Health, Inc. et al v. Department of Health and Human Services et al. / Case No. 2:26-cv-00061-LGW-BWC |

Ms. Capps,  Below please find the parties' response to the Court's Order entered on July 10 which I would appreciate you forwarding to Judge Epps.  Thank you.  Ben

_____
_____

Judge Epps:

As required by the Court's 7/10/2026 minute order (Doc. # 24), the parties write to inform the Court of the following:

(1) The parties agree on **July 24, 2026** as the mediation date.  The mediation will take place at the Federal courthouse in Augusta.  It may be necessary for some party representatives to participate via teleconference.

(2) The parties will submit confidential mediation statements by 6:00 pm EDT on **July 21, 2026**.

(3) CMS will submit its proposed resolution to Elevance and the Court by 6:00 pm EDT on **July 22, 2026**.

(4) The Parties were unable to agree on a proposed briefing schedule for the motion for preliminary injunction in the event mediation is unsuccessful.  The Parties' positions on the briefing schedule are as follows:

    a. Elevance Health:

        i. **Timing**:  CMS responds to Plaintiffs' Motion for Preliminary Injunction by **July 27, 2026**.  Elevance files its Reply by **July 31, 2026**.  The Court sets the hearing date as soon as possible after July 31, 2026.

        ii. **Rationale**:  As set forth in Plaintiffs' Motion for Preliminary Injunction, if Elevance Health prevails on its Motion, CMS would need to recalculate the applicable Star Rating and complete other steps before Elevance Health can finalize a new 2027 bid.  Time is of the essence on this process.  To avoid irreparable harm, Elevance Health needs a decision to be rendered on or around August 14, 2026. Elevance Health believes dual tracking the Preliminary Injunction briefing is consistent with the Court's Order and the best way to preserve the parties' rights.  Absent the Administrative Stay, CMS's Response Brief would have been due July 23.  Elevance Health's proposed July 27 response deadline gives CMS extra time to complete briefing and allows the parties and the Court an opportunity to fully assess the positions in advance of the hearing.  Finally, Elevance Health believes CMS's drafting a response brief during the Administrative Stay could potentially facilitate resolution as it would require a detailed analysis by CMS in advance of mediation.

        iii. **Requested Relief**:  Elevance Health would like file a Motion with the Court tomorrow seeking an order on the briefing schedule set forth above.

  b. CMS:

        i. **Timing**: Defendants respond to Plaintiffs' Motion for Preliminary Injunction within 13 days after the mediation. (Defendants have no objection to any specific timeline for Plaintiffs' Reply.)

        ii. **Rationale**:  Defendants submit that the Court has already decided that briefing on the preliminary injunction is not appropriate at this time; instead, the Order stayed all deadlines so that the parties could focus on mediation. Plaintiffs' proposal, by contrast, explicitly requires Defendants to begin briefing while also preparing for the mediation. This conflicts with the Court's Order. Nevertheless, Defendants understand that getting a post-mediation briefing schedule in place has value to the Plaintiffs and do not object in principle to such a briefing schedule. Thus, Defendants proposed to Plaintiffs that, if the mediation is unsuccessful, their response deadline should re-start, and Defendants should have 13 days in which to file their response. This represents the ordinary 14-day response time (with one day subtracted for the time between service of the motion and the Court's Order). Plaintiffs' proposal that Defendants file their response one business day after the mediation is neither feasible nor in line with the Court's instructions that the case be stayed for mediation.

        iii. **Requested Relief**: If Plaintiffs file a motion seeking relief from the Court's order administratively staying the case, Defendants intend to respond with a proposed briefing schedule that would begin only if mediation is unsuccessful.



Benjamin H. Brewton, Partner, Balch & Bingham LLP
801 Broad Street  •  Suite 800  •  Augusta, GA 30901
t:  +1 (706) 842-3711  c:  +1 (706) 825-6721  f:  +1 (706) 842-3720  e:  bbrewton@balch.com
**www.balch.com**

CONFIDENTIALITY:  This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution.  If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.